Lomax, J.
delivered the opinion of the Court.
Upon the petition filed in this case the petitioner asks that this Court “ will cause the petitioner to be discharged from further imprisonment,” &c. The writ of habeas corpus is not applied for expressly by the petition, but is now applied for by motion, as the means of effecting the discharge which is asked for. The evidence offered to shew probable cause to believe that the petitioner “ is detained without lawful authority” in custody, consists of a petition offered by him to a circuit Judge, with an affidavit dated 21st October 1850, endorsed on the petition, of the truth of the statements therein contained; and the proceedings of the examining Court of Campbell county on the 13th May 1850, deciding in that Court that the charge whereof the petitioner was accused, should be “ further enquired into and the accused remanded back to jail to await a trial of the said charge before the Judge of the Circuit Superior court of law and chancery for the said county, at the present or next term thereof;” and a certificate of the clerk of the Circuit court of Campbell county, dated the 21st October 1850, that there had been no indictment filed in said Court against Alonzo G. Bell; and the denial of the writ of habeas corpus endorsed on the 1st November 1850 upon the petition, by the circuit Judge when he was applied to for the writ. This Court has not paused to consider whether the application now made is presented in the proper shape, or upon sufficient proofs of the matters alleged, to be entertained by the Court. Supposing the application in all respects to be regular, the Court has considered the question upon which the petitioner contends that he is entitled to be discharged from further imprisonment. He claims his discharge upon the ground, that on the 13th of May 1850 he was remanded back to *648 jail to await a trial before the Circuit Superior court, which Court was then in session; and that he was not then indicted at that term, nor at the term of that Court i[1 October, (presuming that there was a Court held in October,) as the second term of the Court at which he was held to answer.
This Court is of opinion that in ascertaining what is the second term of the Court at which the prisoner is held to answer, the May term, which was (as it would seem) at the time the prisoner was remanded, in the sixth day of its session, ought not to be .taken into the computation. Regularly in the course of criminal proceedings, the grand jury who are to indict, are summoned to attend on the first day of the Court, (Code of 1849, p. 766,) the venire facias for the jurors to try him are summoned to the first day of the Court. Before the term of the Court, the clerk is directed to make out a docket of “ the pending causes, including the Commonwealth’s casesand in order to put the Circuit court and the officers of the law in possession of the case, it is required when a person is remanded, that the clerk of the examining Court shall certify to the clerk of the Court where the accused is to be tried, copies of all recognizances taken by the examining Court, (for attendance of witnesses &c. at the trial,) and shall certify to the attorney prosecuting for the Commonwealth in the Court wherein the trial is to be, a copy of the order remanding the accused, and of the depositions taken on the examination, and of any warrant in the case which remains filed in the clerk’s office. All these preparatory proceedings for trial, to make them consistent, must all be taken together, as having reference to the first day of the term; and would seem to shew that when the Legislature speaks of a term of the Court at which the prisoner is held to answer, it contemplates a term complete by commencing on the first day. The Legislature seems to be *649 more explicit in the 36th section of chap. 208, where “ the prisoner is directed to be forever discharged from prosecution for the offence, if there be three regular terms of such Court after his examination, without a trial,” &c. Consistency requires an uniformity of interpretation in both parts of the law, where the terms are spoken of, viz.: complete terms commencing on the regular days. Many mischiefs in the administration of criminal justice might arise, if the term of the Circuit court, though only an hour before its adjournment, or however engrossed with its business on hand, shall be counted for a term at which the prisoner is held to answer, because the accused has at that period of the term been remanded by the examining Court. It is very true that potentially the prisoner might be tried during the remaining term of the Circuit court, when he is remanded by the examining Court after the first day of the term. The Court may cause another grand jury to be empanneled, though the regular grand jury summoned to the first day may have been discharged; and it may award a venire facias for petit jurors; and it may cause the witnesses to be summoned; and the preparatory certificate of the clerk of the examining Court may be accepted as satisfactory, though brought in at a subsequent day of the term. It seems much better to take some fixed and uniform rule from the language and meaning of the statute, than a rule derived from what the Circuit court may be supposed, in a presumed state of its business, to have had the capacity to do.
In England “ the term,” according to the common law, is understood as the term of a day, and that day is the first day of the term, to which all the after proceedings have reference. This interpretation is there given in criminal as well as in civil proceedings. The same notion has been recognized in our own Courts, where the date of a judgment rendered during the *650 term has always had reference to the first day of the , term.
There is an obvious propriety in the present and the like cases, to regard the term at which the accused is held to answer, to be the term commencing on the first day of the Court; to be a complete term as well in its beginning as its ending.
Petition rejected.